# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE, <br><br> Plaintiff, <br><br> v. <br><br> MIGUEL ÁNGEL MORALES-QUIÑONES, et al. <br><br> Defendants. | CIVIL NO.: 18-1387 (MEL) |

## OPINION AND ORDER

The United States of America, acting through the United States Department of Agriculture, ("Plaintiff") filed an amended complaint against Miguel Ángel Morales-Quiñones ("Defendant") and the United States of America[1] on February 25, 2019. ECF No. 28. Plaintiff alleges that it is the owner and holder of five promissory notes which are each secured with voluntary mortgages, and that Defendant defaulted on his repayment obligations. Pending before the court is Plaintiff's motion for summary judgment, requesting that the court enter judgment in its favor. ECF No. 34. Defendant has not filed a response in opposition to the motion for summary judgment and the time to do so has expired. ECF No. 44.

**I. Standard of Review**

The purpose of summary judgment "is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992) (citations omitted). Summary judgment is granted when the record shows that "there is no genuine dispute as to any material fact and the

---
[1] The United States was included as a codefendant in this action because according to the title search there is a Federal Tax Lien over the property subject to foreclosure. ECF No. 34-2, ¶ 29.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011) (quoting Rodríguez-Rivera v. Federico Trilla Reg'l Hosp., 532 F.3d 28, 30 (1st Cir. 2008)).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant presents a properly focused motion "averring 'an absence of evidence to support the nonmoving party's case[,]' [t]he burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both 'genuine' and 'material.'" Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990)). For issues where the nonmoving party bears the ultimate burden of proof, the party cannot merely "rely on an absence of competent evidence, but must affirmatively point to specific facts [in the record] that demonstrate the existence of an authentic dispute." McCarthy v. Nw. Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995) (citation omitted). The party need not, however, "rely only on *uncontradicted* evidence . . . . So long as the [party]'s evidence is both cognizable and sufficiently strong to support a verdict in her favor, the factfinder must be allowed to determine which version of the facts is most compelling." Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004) (emphasis in original) (citation omitted).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan, 904 F.2d at 115. There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial

2

process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood." Greenburg v. P. R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). The court may, however, safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted).

II.     **Uncontested Material Facts[2]**

On August 11, 1993, Defendant signed and delivered a promissory note to Plaintiff for the principal amount of $157,320.00, with annual interest of 7.25%. ECF No. 34-2, at 1, ¶ 2; ECF No. 34-4. The same day, for the purposes of securing the payment of the promissory note, Defendant executed a voluntary mortgage, through Mortgage Deed No. 52, in favor of Plaintiff. ECF No. 34-2, at 2, ¶ 3; ECF No. 34-6. The mortgage lien to secure the note for $157,320.00 was recorded in the Registry of Property. ECF No. 34-2, at 2, ¶ 4; ECF No. 1-3, at 1.

On November 18, 1994, Defendant signed and delivered a promissory note to Plaintiff for the principal amount of $60,000.00, with annual interest of 3.75%. ECF No. 34-2, ¶ 6; ECF No. 34-10. The same day, for the purposes of securing the payment of the promissory note, Defendant executed a voluntary mortgage, through Mortgage Deed No. 69, in favor of Plaintiff. ECF No. 34-2, ¶ 6; ECF No. 34-11. The mortgage lien to secure the note for $60,000.00 was recorded in the Registry of Property. ECF No. 34-2, at 2, ¶ 7; ECF No. 1-3, at 1.

On August 7, 1997, Defendant signed and delivered a promissory note to Plaintiff for the principal amount of $175,060.00, with annual interest of 3.75%. ECF No. 34-2, at 2-3, ¶ 9;

---

[2] Local Rule of Civil Procedure 56(e) provides that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." In light of Defendants' failure to file a response in opposition to the motion for summary judgment, the same are deemed admitted to the extent that they are supported by their record citations.

3

ECF No. 34-12. The same day, for the purposes of securing the payment of the promissory note, Defendant executed a voluntary mortgage, through Mortgage Deed No. 47, in favor of Plaintiff. ECF No. 34-2, at 3, ¶ 10; ECF No. 34-13. The mortgage lien to secure the note for $175,060.00 was recorded in the Registry of Property. ECF No. 34-2, at 3, ¶ 11; ECF No. 1-3, at 1.

On April 14, 1998, Defendant signed and delivered a promissory note to Plaintiff for the principal amount of $100,000.00, with annual interest of 5%. ECF No. 34-2, at 3, ¶ 13; ECF No. 34-14. The same day, for the purposes of securing the payment of the promissory note, Defendant executed a voluntary mortgage, through Mortgage Deed No. 27, in favor of Plaintiff. ECF No. 34-2, at 3, ¶ 14; ECF No. 34-15. The mortgage lien to secure the note for $100,000.00 was recorded in the Registry of Property. ECF No. 34-2, at 3, ¶ 15; ECF No. 34-5, at 2, ¶ 9-10; ECF No. 1-3, at 1.

On February 25, 1999, Defendant signed and delivered a promissory note to Plaintiff for the principal amount of $287,000.00, with annual interest of 3.75%. ECF No. 34-2, at 3-4, ¶ 17; ECF No. 34-16. The same day, for the purposes of securing the payment of the promissory note, Defendant executed a voluntary mortgage, through Mortgage Deed No. 26, in favor of Plaintiff. ECF No. 34-2, at 4, ¶ 19; ECF No. 34-17. The mortgage lien to secure the note for $287,000.00 was recorded in the Registry of Property. ECF No. 34-2, at 4, ¶ 20; ECF No. 34-9, at 1. The promissory note was lost while in Plaintiff's possession and has not been found. ECF No. 34-2, at 4, ¶ 18; ECF No. 34-16. The promissory note was substituted as per judgment issued in the case of <u>Estados Unidos de América v. Miguel Angel Morales Quiñónez</u>, civil case no. JCD 2018-0092, before the Ponce Superior Court. ECF No. 34-2, at 4, ¶ 18; ECF No. 34-16.[3]

---

[3] Plaintiff has not provided a certified translation of the judgment in case JCD 2018-0092. Therefore, this statement relies solely on the unopposed assertion under penalty of perjury submitted by Farm Loan Chief of United States Department of Agriculture Edgar Maldonado Medero. ECF No. 34-3, at 2, ¶ 12.

Plaintiff's proposed material fact 21 states that Defendant is the owner of record of the real estate property that was offered as loan collateral to Plaintiff which is described, as it was recorded in Spanish, as follows:

> RÚSTICA: Radicada en el Barrio Barinas de Yauco, Puerto Rico, con cabida de 56.2432 cuerdas, equivalentes a 221.057.71 metros cuadrados. En colindancias por el NORTE, con terrenos de Vicente Borrero Vélez y Jeanette Rodríguez Martínez; por el SUR, con solar "F" segregado; por el ESTE, con el Río Yauco y por el OESTE, con carretera #335. La finca antes descrita resulta ser el remanente de la misma luego de descontadas las segregaciones que se le han practicado a la misma.
>
> Property 5,913, recorded at page 43 of volume of 490 of Yauco, Property Registry of Ponce, Puerto Rico.

ECF No. 34-2, at 4, ¶ 21.

The cited exhibit for proposed material fact 21 is the title search which supports Plaintiff's statement that Defendant is the owner of record of the real estate property that was offered as collateral to the Plaintiff, Property Number 5913. See ECF No. 34-9, at 1. However, Property Number 5913 is described by Mortgage Deed Nos. 52 and 69 as

> RUSTICA: Finca que radica en el Barrio Barinas de Yauco, Puerto Rico, compuesta de SETENTA Y SEIS PUNTO NOVENTA Y NUEVE SETENTA Y DOS CUERDAS (76.9972 cdas.), equivalentes a TREINTA (30) hectáres, ventiseis (26) áreas, veintinueve (29) centiáreas, y dos (2) miliáreas, que colinda por el NORTE: con la parcela dos (2) caña separada por carretera municipal de tierra; por el SUR: con el Río Yauco, Eusebio Rodríguez y la parcela uno (1) montes; por el ESTE: con el Río Yauco, Sucesión Rodríguez Morales, Ramón Sotero, Félix González y Eusebio Rodríguez; y por el Oeste: en varios puntos con la Carretera Estatal número trescientos treinta y cinco (335) que conduce de Yauco a San Francisco y en otros con Sucesión Semidey, María Rodríguez Pagán, Ramón Ortiz, José Pacheco, Baudillo Hernández, Sucesión Felipe González, Sucesión Muñoz, Sucesión Emilio Ramos, Iris P. Galarza, Fernando Lugo, Domitila Alicea, Teodomiro Rodríguez, Salvador Cruz, Juan Maldonado, Juan Pérez Vargas, Juan Pérez Rodríguez, Lorenzo Tirado, Luis Sotero y la parcela uno (1) montes.

ECF Nos. 34-6, at 14; ECF No. 34-11, at 14.

Meanwhile, Property Number 5913 is described in Mortgage Deed Nos. 47, 27, and 26 as follows

> RUSTICA: Finca que radica en el Barrio Barinas de Yauco, Puerto Rico: compuesta de CINCUENTA Y NUEVE CUERDAS CON PUNTO NOVENTA Y SEIS DIEZ Y NUEVE CENTIMOS DE OTRA (59.9619 cds.), equivalentes a DOSCIENTOS TREINTA Y CINCO MIL SEISCIENTOS SETENTA Y TRES METROS CUADRADOS CON PUNTO SESENTA Y NUEVE TREINTA Y SIETE CENTIMETROS DE OTRO (235,673.6937 m.c.). Colinda por el NORTE, con Parcelas Uno (1), Dos (2), y Tres (3), y Parcela Dos-Caña, separada por Carretera Municipal de tierra, hoy Carretera Estatal Número Puerto Rico Trescientos Treinta y Cinco (PR 335); por el SUR, con el Río Yauco, Sucesión Eusebio Rodríguez y Parcela Uno Montes; por el ESTE, con Parcela Número Tres (3) y Número Uno (1), el Río Yauco, Sucesión Rodríguez Morales, Ramón Sotero, Félix González y Sucesión de Eusebio Rodríguez; y por el OESTE, con Parcelas Dos (2) y Tres (3), Carlos Claudio Vélez, Sucesión Semidey, María Rodríguez Pagán, Ramón Ortíz, José Pacheco, Baudillo Hernández, Sucesión Felipe González, Sucesión Muñoz, Sucesión Emilio Ramos, Iris P. Galarza, Dolores López, Parcela Segregada, Fernando Lugo, Domitila Alicea, Teodomiro Rodríguez, Salvador Cruz, Juan Maldonado, Juan Pérez Vargas, Juan Pérez Rodríguez, Lorenzo Tirado, Luis Sotero y la Parcela Uno-Montes.

ECF No. 34-13, at 14; ECF No. 34-15, at 14; ECF No. 34-17, at 14.

As such, Plaintiff needs to clarify why Property Number 5913 has three descriptions that are not consistent with each other. It is uncertain whether the mortgages are encumbering one or more land lots. Plaintiff could procure from the Registrar of Property a certification of Property Number 5913. See F.D.I.C. v. Inmuebles Metropolitanos, Inc., 32 F. Supp. 2d 485, 489 (D.P.R. 1998). "This certification will certainly be more probative of the property's description than the title search herein offered." Id.

The real estate property which was offered to secure the loan obligations subject of this case is subject to the following liens with inferior rank over the mortgages herein executed:

1. Easement in favor of Autoridad de Energía Eléctrica de Puerto Rico, with a value of $1.00, constituted by subscribed document on August 27, 1998 and recorded on page 201 of volume 424 of Yauco, 11th inscription.

2. Right of real and perpetual covenant in favor of Autoridad de Acueductos y Alcantarillados de Puerto Rico, by forced expropriation, constituted by resolution dated March 8, 2004, issued in the First Instance Court of San Juan, on Civil Case #KEF04-0347 through 0350, for a compensation of $12,780.00 corresponding this easement the amount of $4,665.00 and Amended Resolution dated October 31, 2006 on Case KEF 2004-0350 (1002) and Amended Resolution of June 15, 2007, recorded on page 43 if volume 490 of Yauco, 13th inscription.

3. FEDERAL TAX LIEN: Recorded at book number 4, page 136 of entry 4 of the Federal Lien Registry of Ponce II, a lien appears against Miguel A. Morales, Social Security XXX-XX- 2339 to respond for the amount of $13,618.37, annotated under notification number 201928604, dated February 11, 2005.

4. WORKERS COMPENSATION LIEN: In favor of "La Corporación del Fondo del Seguro del Estado" for the amount owed of $5,350.00 in workers compensation, as per certificated dated November 6, 2001, annotated on November 14, 2001, on page 40 of volume 442 of Yauco, 12th inscription.

5. WORKERS COMPENSATION LIEN: In favor of "La Corporación del Fondo del Seguro del Estado" for the amount owed of $5,350.48 in workers compensation, as per certificated dated November 22, 2005, annotated on page 43 overleaf of volume 490 of Yauco, Annotation A dated December 7, 2005 and also annotated on page 56 of volume 24 of the State Lien Registry of Yauco, dated November 23, 2005, under order number 5357.

6. WORKERS COMPENSATION LIEN: In favor of "La Corporación del Fondo del Seguro del Estado" for the amount owed of $5,350.48 in workers compensation, as per certificated dated November 4, 2009, annotated on page 43 overleaf of volume 490 of Yauco, Annotation B dated November 5, 2009 and also annotated on page 78 of volume 24 of the State Lien Registry of Yauco, dated November 5, 2009, under order number 5443.

7. WORKERS COMPENSATION LIEN: In favor of "La Corporación del Fondo del Seguro del Estado" for the amount owed of $5,783.48 in workers compensation, as per certificated dated March 29, 2011, annotated on page 44 of volume 490 of Yauco, Annotation C dated April 6, 2011 and also annotated on page 84 of volume 24 of the State Lien Registry of Yauco, dated April 4, 2011, under order number 5469.

ECF No. 34-2, at 7-8, ¶ 27; ECF No. 34-5, at 3, ¶ 19.

On April 23, 2018, Defendant filed a petition before the Registry of Property, without Plaintiff's consent, requesting the cancellation of four mortgage liens constituted by Mortgage

Deed Nos. 52, 69, 47, 27 in the amounts of $157,320.00, $60,000.00, $175,060.00, and $100,000.00. ECF No. 34-2, at 9, ¶¶ 29, 31; ECF No. 34-21. The Registrar cancelled the four mortgage liens due to the expiration of the statute of limitations. ECF No. 34-2, at 9, ¶ 30; ECF No. 34-23. When Defendant requested the cancellation of the four mortgage liens, Defendant had not paid in full all the amounts owed to Plaintiff for the loan obligation secured by the mortgage liens. ECF No. 34-2, at 5, ¶ 23; ECF 34-3, at 3-5, ¶ 16.

The five promissory notes stipulate that default in the payment of any part of the covenant or agreement therein will authorize the United States Department of Agriculture, as payee of said notes, to declare due and payable the total amount of the indebtedness evidenced by said notes and proceed with the execution and/or foreclosure of the mortgages. ECF No. 34-2, at 5, ¶ 22; ECF Nos. 34-4; ECF No. 34-10; ECF No. 34-12; ECF No. 34-14; ECF No. 34-16.

Defendant has not paid in full the loan obligations arising from the five promissory notes. ECF No. 34-2, at 5, ¶ 23; ECF No. 34-3, at 3-5, ¶ 16. After declaring all the indebtedness of Defendant due and payable, Defendant owes to Plaintiff, the following amounts:

1. On the $157,320.00 Note:
    A. There is an unpaid principal amount of $48,638.53; and
    B. the sum of $78,805.41 of unpaid interests accrued as of May 2, 2019, which increases at the daily rate of $9.6611 until full payment of the loan obligation; and
    C. unpaid insurance premium costs, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.
2. On the $60,000.00 Note:
    A. There is an unpaid principal amount of $32,193.78; and

8

B. the sum of $26,979.93 of unpaid interests accrued as of May 2, 2019, which increases at the daily rate of $3.3076 until full payment of the loan obligation; and

C. unpaid insurance premium costs, taxes, advances, late charges, costs, court cost expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

3. On the $175,060.00 Note:

   A. There is an unpaid principal amount of $171,445.62; and

   B. the sum of $133,382.70 of unpaid interests accrued as of May 2, 2019 which increases at the daily rate of $17.6143 until full payment of the loan obligation; and

   C. unpaid insurance premium costs, taxes, advances, late charges, costs, court cost expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

4. On the $100,000.00 Note:

   A. There is an unpaid principal amount of $99,301.37; and

   B. the sum of $100,253.59 of unpaid interests accrued as of May 2, 2019, which increases at the daily rate of $13.6029 until full payment of the loan obligation; and

   C. insurance premium costs, taxes, advances, late charges, costs, court cost expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

5. On the $287,000.00 Note, as modified:

   A. There is an unpaid principal amount of $287,000.00; and

B. the sum of $212,225.58 of unpaid interests accrued as of May 2, 2019, which increases at the daily rate of $29.4863 until full payment of the loan obligation; and

C. insurance premium costs, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

ECF No. 34-2, at 5-7, ¶ 24; ECF No. 34-3, at 3-5, ¶ 16.

### III.    Applicable Law

Pursuant to Puerto Rico law, "[a] person receiving money or any other perishable thing on loan acquires its ownership, and is bound to return to the creditor an equal amount of the same kind and quality." 31 L.P.R.A. § 4571. Further, "[o]bligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." 31 L.P.R.A. § 2994.

A mortgage "directly and immediately subjects the property on which it is imposed, whoever its possessor may be, to the fulfillment of the obligation for the security of which it was created." 31 L.P.R.A. § 5043. "The real right of a mortgage, once constituted subject to the mortgaged good, grants whoever is its title holder or possessor the power to demand the fulfillment of the obligations that it warranties, with preference corresponding to the degree of registration." Roosevelt Cayman Asset Co. v. Brea, 2016 WL 1716837, at *3 (D.P.R. Apr. 28, 2016) (internal citations omitted). "It is also essential in these contracts that when the principal obligation is due, the things of which the pledge or mortgage consist may be alienated to pay the creditor." 31 L.P.R.A. § 5002.

A mortgage note due on a definite time becomes due and payable when the agreed upon time arrives; the creditor may pursue a foreclosure action to satisfy the mortgage note. See Soto Solá v. Registradora, 189 D.P.R. 653, 666 (P.R. 2013); First Fed. Savs. v. Registrator, 113 D.P.R. 857, 861 (P.R. 1983). Pursuant to Puerto Rico law, "A mortgage action prescribes after twenty (20) years, and those which are personal and for which no special term of prescription is fixed, after fifteen (15) years." 31 L.P.R.A. § 5294. So, when a mortgage note is payable at a definite time, the 20 year statute of limitations begins at the time when the obligation becomes due and payable. See Soto Solá, 189 D.P.R. at 666.

## IV. Legal Analysis

Plaintiff and Defendant entered into binding contractual agreements constituted in the five promissory notes and mortgage deeds. Pursuant to said promissory notes and mortgage deeds, Defendant agreed to pay Plaintiff the principal and interests and other costs specified in the promissory notes and the accompanying mortgage deeds. The uncontroverted evidence shows that Plaintiff is in default on all five promissory notes. ECF No. 34-3, at 3-5, ¶ 16. Defendant's petition to the Registry of Property requesting the cancellation of the mortgage liens was based on the incorrect legal premise that the legal obligation to repay the promissory notes was no longer enforceable. The Registrar wrongfully interpreted the maturity dates of the mortgage notes as the final date or time in which Plaintiff could claim the loan obligation to Defendant.

None of the loan obligations are time barred based on the Supreme Court decision in Soto Solá which established that the 20-year statute of limitations for mortgages shall begin at the time when the obligations becomes due and payable. See Soto Solá v. Registradora, 189 D.P.R. 653, 666 (P.R. 2013). The $157,320.00 promissory note had a twenty year term and became due

11

and payable on August 11, 2013. ECF No. 34-4, at 1. Thus, the statute of limitations for this note is August 11, 2033. The $60,000.00 promissory note had a twenty year term and became due and payable on November 18, 2014. ECF No. 34-10, at 1. Accordingly, the statute of limitations for this note is November 18, 2034. The $175,060.00 promissory note had a twenty year term and became due and payable on August 7, 2017. ECF No. 34-12, at 1. So, the statute of limitations for this note is August 7, 2037. The $100,000.00 promissory note had a seven year term and became due and payable on April 14, 2005. ECF No. 34-14, at 1. Therefore, the statute of limitations for this note is April 14, 2025. Lastly, the $287,000.00 promissory note had a twenty year term and became due and payable on February 25, 2019. ECF No. 34-16, at 1. Thus, the statute of limitations for this note is February 25, 2039.

Defendant has failed to present specific legal grounds that would release him from his payment obligation to Plaintiff. Furthermore, Defendant has not challenged Plaintiff's representation regarding the order of substitution of the lost mortgage note for $287,000.00 in the case of <u>Estados Unidos de América v. Miguel Angel Morales Quiñónez</u>, civil case no. JCD 2018-0092, before the Ponce Superior Court.

Accordingly, Plaintiff's motion for summary judgment is GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART. Plaintiff's request that the unpaid amounts in the promissory notes for $157,320.00, $60,000.00, $175,060.00, $100,000.00, and $287,000.00 be deemed due and payable to Plaintiff is GRANTED. <u>See</u> ECF No. 34-4; ECF No. 34-10; ECF No. 34-12; ECF No. 34-14; ECF No. 34-16. The unpaid amounts shall continue to accrue interests and costs pursuant to the terms of each loan obligation, until full payment of each loan.

Furthermore, this court finds that the Registrar's cancellation of the mortgage liens as constituted by Mortgage Deed Nos. 52, 69, 47, and 27 was contrary to law and the applicable

jurisprudence because none of the loan obligations nor the mortgage liens were time barred. Consequently, the Property Registrar for Section II of Ponce, Puerto Rico, is ORDERED, pursuant to Section 2502 of the Mortgage and Property Registry Act of 1979, to revert its May 23, 2018 cancellation of the mortgage liens of $157,320.00, $60,000.00, $175,060.00, and $100,000.00 constituted by Mortgage Deed Nos. 52, 69, 47, and 27.[4] See 30 L.P.R.A. § 2502 ("Errors made by the Registrar when making an entry may be rectified, provided they do not affect the rights of registered titleholders, either automatically or at the request of the interested property, provided the instrument motivating the action is at hand. When rectification might after the rights of registered titleholders, their consent or a judicial resolution ordering the rectification of the entries shall be required.").

However, Plaintiff's motion for summary judgment requesting foreclosure on the mortgage liens is DENIED WITHOUT PREJUDICE. First, there are discrepancies in the description of Property Number 5913. The title search has one description (ECF Nos. 34-9); Mortgage Deed Nos. 52 and 69 have a second description (ECF Nos. 34-6, at 14; ECF No. 34-11, at 14); and Mortgage Deeds Nos. 47, 27, and 26 have yet a third description (ECF Nos. 34-13, at 14; ECF No. 34-15, at 14; ECF No. 34-17, at 14). These inconsistencies must be resolved before Plaintiff may begin foreclosure proceedings.

Even assuming no discrepancies existed in the description of Property Number 5913, the court cannot permit mortgage foreclosure on mortgages that at present are not recorded. While

---

[4] Administrative appeals from final decisions of the Registrars of Property are typically resolved by petitioning the Supreme Court of Puerto Rico for relief through the process called "Recursos Gubernativos." See Title 4A, Annotated Laws of Puerto Rico, Subtitle XXI-B, § 27. However, in the case at bar, the court has jurisdiction because the United States of America is the plaintiff. See 28 U.S.C. § 1345 ("Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."). An order to the Registrar of Property is not unprecedented. See F.D.I.C. v. Inmuebles Metropolitanos, Inc., 32 F. Supp. 2d 485, 488 (D.P.R. 1998).

Mortgage Deed No. 26 is recorded, the request for foreclosure is denied in the interest of pragmatism and to avoid judicial foreclosure on a piecemeal basis. After the Registrar has reverted the cancellation of the mortgage liens, Plaintiff shall file a motion submitting evidence that the Registrar has indeed undone the cancellation of the mortgage liens at issue, providing certified evidence under penalty of perjury clarifying the discrepancies in the description of the property that was encumbered, and requesting judicial foreclosure.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 6th day of March, 2020.

                                                  s/Marcos E. López  
                                                  U.S. Magistrate Judge